# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

SIDNI MOORE,                                    CASE NO. 1:11-CV-00448-DLB PC

          Plaintiff,

                                ORDER DISMISSING ACTION FOR
   v.                          FAILURE TO STATE A CLAIM UPON
                                WHICH RELIEF MAY BE GRANTED

CHRISTIAN MAXWELL, et al.,

          Defendants.

_____/

**Screening Order**

## I.    Background

Plaintiff Sidni Moore ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation. Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on March 17, 2011. Doc. 1. On September 28, 2011, the Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a) and dismissed it for failure to state a claim, with leave to amend. Doc. 15. On November 3, 2011, Plaintiff filed his first amended complaint. Doc. 16.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been

1  paid, the court shall dismiss the case at any time if the court determines that . . . the action or

2  appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. §

3  1915(e)(2)(B)(ii).

4       A complaint must contain "a short and plain statement of the claim showing that the

5  pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

6  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

7  conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing

8  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual

9  matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*,

10  550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

11  **II.   Summary of First Amended Complaint**

12       Plaintiff is currently incarcerated at Pleasant Valley State Prison ("PVSP"). The alleged

13  events at issue in this action occurred while Plaintiff was incarcerated in the Fresno County Jail.

14  Plaintiff names as Defendants: Christian Maxwell, public defender at Fresno Juvenile Hall;

15  Judge Sarkisian; and Fresno County Jail Records.

16       Plaintiff alleges the following: On or about May 10, 2010, he was sentenced to 40 days,

17  which would give him a release date of June 20, 2010. Plaintiff complains that he was not

18  released until July 20, 2010. Plaintiff also complains that Judge Sarkisian and Christian did not

19  verify the release date, and are thus responsible for his late release.

20       Plaintiff requests income for the extra time that he served. He also requests transcript of

21  the minute orders from his sentencing.

22  **III.   Analysis**

23       Plaintiff's complaint is vague and fails to state a claim against any of the named

24  defendants. To state a cognizable claim under 42 U.S.C. § 1983, a plaintiff must allege the

25  violation of right secured by the Constitution and laws of the United States, and must show that

26  the alleged deprivation was committed by a person acting under color of state law. *West v.*

27  *Atkins*, 487 U.S. 42, 48 (1988). Plaintiff has not alleged any facts identifying the defendants.

28  Plaintiff also has not alleged what actions were taken by these defendants that allegedly violated

a constitutional right.

### A.    Defendant Maxwell

Defense attorneys, such as Public Defender Maxwell, who represent the accused in a criminal matter do not act under color of state law.  *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).   Accordingly, Plaintiff cannot state a claim against Defendant Maxwell for any alleged over-detention.

### B.    Defendant Sarkisian

Judge Sarkisian is immune from suit.  "Judicial immunity is applicable to § 1983 suits." *O'Neil v. City of Lake Oswego*, 642 F.2d 367, 368 n. 3 (9th Cir.1981). "Judges are immune from damage actions for judicial acts taken within the jurisdiction of their courts." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir.1986) (en banc). Whether an act is judicial depends on "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and ... the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). These considerations are to be construed generously in favor of the judge and a finding of immunity. *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir.1985).  Plaintiff has not alleged any facts precluding judicial immunity.

### C.    Fresno County Judicial Records

Although not entirely clear from his complaint, Plaintiff appears to blame Fresno County Judicial Records for incorrect paperwork resulting in over detention.  To the extent Plaintiff is attempting to bring suit against the Fresno County Superior Court, he fails to state a claim.   The court is not a "person" for purposes of section 1983.

Insofar as Plaintiff is attempting to name the clerk of the Superior Court, he cannot do so. Clerks have absolute quasi-judicial immunity for tasks performed that are an integral part of the judicial process.  *See, e.g., Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1390 (9th Cir. 1987).  Plaintiff makes no allegations that would suggest any persons acted outside of their roles as court clerks.

### IV.   Conclusion And Order

Plaintiff fails to state any cognizable claims against any Defendants.  Plaintiff was

previously provided the opportunity to amend his complaint to cure the deficiencies identified. Plaintiff was unable to do so.  Further leave to amend will not be granted.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

Accordingly, it is HEREBY ORDERED that

1.     This action is dismissed with prejudice for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983;

2.     This dismissal is subject to the "three-strikes provision" of 28 U.S.C. § 1915(g). *Silva v. Di Vittorio*, 658 F.3d 1090, 1098-99 (9th Cir. 2011); and

3.     The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

**Dated:    February 28, 2012                      /s/ Dennis L. Beck**
                                                    UNITED STATES MAGISTRATE JUDGE

4